GARCÍA ET AL., PLAINTIFFS AND APPELLANTS, *v.* RODRÍGUEZ, DEFENDANT AND APPELLEE.

Appeal from the District Court of Ponce in a Petition for a Writ of Injunction.

No. 1831.—Decided April 8, 1919.

APPEAL — PLEADING — DEMURRER — NONSUIT. — The general rule requiring that questions be raised below in order to be available is by no means without exceptions, among which are questions as to the sufficiency of the complaint or of the evidence raised by means of a general demurrer or a motion for nonsuit. In such cases the appellant is not restricted to the theory under which the case was presented to and decided by the lower court.

TRESPASS.—A person who enters upon lands of another without the consent and to the damage of its owner commits trespass, and it has been said that ''a person who enters upon the land of another without leave to lead off his own runaway horse and who breaks a blade of grass in so doing commits a trespass.''

ID.—INJUNCTION.—The mere unauthorized entry upon another's land, once or twice repeated, even though accompanied by some slight annoyance and nominal damage to the owner of the land, can hardly be said to justify a resort to the extraordinary remedy of injunction.

ID.—ID.—Section 448 of the Civil Code and the history of the interdicts through which the principle thereof was applied under the former procedure should suffice in this jurisdiction to sanction the modern trend toward enlargement rather than restriction of the class of cases in which equity will interfere to prevent a threatened trespass; but this extraordinary remedy does not lie when, as in this case, it does not even appear that further repetition of the naked trespass already committed is threatened and the several incursions complained of may have been made within a period of two or three consecutive days, or at different hours of the same day, for the purpose of a survey, or for the mere inspection of some landmark or monument, and when it is not shown that the writ of injunction would prevent a prospective multiplicity of suits or irreparable damage.

The facts are stated in the opinion.
*Mr. José Tous Soto* for the appellants.
*Messrs. Parra & Pérez Marchand* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The petition herein concludes with a prayer for an order restoring the possession of certain real estate and restraining future trespass.

After petitioners had introduced their evidence respondent moved for a nonsuit on the ground that the facts es-

tablished did not make out a case under the law of 1913 authorizing the restoration of the possession of real estate by injunction. Thereupon counsel for petitioners expressed a belief that this court, under the law of 1913, had sustained the right to enjoin a mere disturbance of the right of possession without actual ouster.

In view of this statement the court overruled the motion for nonsuit *pro forma* on the understanding that if petitioners within five days should not produce the alleged decision of this court, then the motion would be sustained. The evidence for respondent was then introduced subject to the same reservation. The alleged decision not having been found either by counsel or by the court, judgment was entered *nunc pro tunc* dismissing the action for want of evidence sufficient to sustain the petition under the law of 1913.

Appellants insist that the court erred:

First. In finding that an injunction is not the proper remedy to protect a possessor in his possession and to prevent a continued disturbance.

Second. In finding that an injunction for such purpose may be obtained only under the Act No. 43 of 1913.

Third. In finding that the relief prayed for herein was sought under Act No. 43 of 1913.

Fourth. In failing, for want of any special proceeding provided by law for the protection of the possesor who has been disturbed in his possession, to adopt any adequate proceeding, including that by injunction, pursuant to sections 448 of the Civil Code and 36 of the Code of Civil Procedure.

Fifth. In sustaining a motion for a nonsuit for want of evidence, and at the same time finding that the essential facts of the complaint had been established.

The argument for appellee assumes rather than submits that in this court an appellant is restricted to the theory on which the case is presented and tried in the court below. Appellants, on the other hand, rely more on the facts alleged in the petition than on those established at the trial, as in-

dicated by the false premise involved in the fifth assignment *supra.*

It is true that the rule requiring that questions be raised below in order to be available on appeal is by no means without exception.

For example:

"If a demurrer to a complaint on the ground that it does not state facts sufficient to constitute a cause of action is sustained, or if a motion to dismiss on such ground is granted at the commencement of the trial, which amounts to the same thing, the judgment must be reversed on appeal if, admitting all the facts alleged, any cause of action whatever is stated, whether specifically called to the attention of the lower court or not. And where plaintiff is nonsuited or the complaint is dismissed at the close of his evidence every question which can be fairly raised upon the record may be urged on appeal, the rule that a party cannot change his theory of action on appeal not applying." 3 C. J. sec. 634, p. 741.

Here, however, the district court did not pass on the sufficiency of the facts stated in the petition, either under the law of 1913 or otherwise. Conceding, without holding, that the facts alleged by petitioners could be regarded as constituting a cause of action independently of the law of 1913 and that the court erred in considering the evidence purely from the standpoint of the law last mentioned, yet as the case now stands the only question involved is whether the facts established by petitioners at the trial, not those set out in the petition, are sufficient to justify an injunction from any point of view, and therefore to warrant a reversal of the judgment appealed from.

The only facts before us are contained in an agreed statement which adopts and follows the findings of the court below. Perhaps a full narrative of the testimony might have enabled us to supplement these findings, but we cannot look to the petition in order to expand the agreed statement, nor can we agree with appellants that the trial judge accepted the essential facts alleged.

The finding on the evidence for petitioners is that respondent "made incursions into the properties, object of this suit, on different occasions" and that "it cannot be denied that petitioners have been annoyed and perhaps damaged by these incursions." Granting even that we might in the circumstances of this case consider the testimony for the defense, the only additional circumstance so brought out is that these incursions were made by defendant in the belief of ownership.

It has been said that "a person who enters upon the land of another without leave to lead off his own runaway horse and who breaks a blade of grass in so doing commits a trespass"; but such unauthorized entry, once or twice repeated, even though accompanied by some slight annoyance and nominal damage to the owner of the land can hardly be said to justify a resort to this extraordinary remedy of injunction.

"Every possessor has a right to be respected in his possession, and if he be disturbed therein, he shall be protected or reinstated in such possession by the means established in the laws of procedure." Sec. 448, Civil Code.

This statutory provision and the history of the interdicts through which the principle thereof was applied under the former procedure should suffice in this jurisdiction to sanction, if not to accelerate, the modern trend toward enlargement rather than restriction of the class of cases in which equity will interfere to prevent a threatened trespass.

But here it does not even appear that further repetition of the naked trespass already committed is threatened. The several incursions complained of may have been made within a period of two or three consecutive days, or at different hours of the same day, for the purpose of a survey, or for the mere inspection of some landmark or monument. Indeed, if we are free to infer anything at all, such conclusion would be about as plausible as any other that could be drawn from the findings of fact. There is no suggestion of a prospective

multiplicity of suits or of irreparable injury. The bare circumstance that defendant believes himself to be the owner of the land in the possession of petitioners is not inconsistent with the theory that whatever purpose he may have had in entering the said premises on several occasions has been accomplished. Appellants have cited no case, and we know of none, that goes so far as to hold that an injunction will issue to insure the owner of real estate against the possibility, however remote, of some future trespass.

It may be that very slight additional circumstances would have sufficed to produce a different result herein, but the vague allusion by the trial court to the acts committed by respondent, to the consequent annoyance, and to the conceivable contingency of some damage having been done, discloses no solid ground upon which to base a reversal.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.